## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PERRY PAYTON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-2688** |
| **CORNEL  H. HUBERT, WARDEN, ET AL** | * | **SECTION: "K"(6)** |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.   Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## PROCEDURAL HISTORY[1]

On July 14, 1999, petitioner, Perry Payton, a prisoner incarcerated in Hunt Correctional Center, was charged by bill of information with four counts of distribution of cocaine, violations of La. R.S. 40:967(A). On August 9, 1999, at his arraignment, petitioner pleaded not guilty to all counts. On October 19, 1999, petitioner withdrew his earlier pleas and entered pleas of guilty as charged on all counts. On December 8, 1999, petitioner was sentenced to serve 18 years on each count, with the sentences to be served concurrently.

On January 24, 2001, pursuant to petitioner's appeal, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences. *State v. Payton*, 786 So.2d 981 (La. App. 4 Cir. 2001) (unpublished). Thereafter, petitioner did not apply for rehearing nor did he seek review with the Louisiana Supreme Court. Thus, under the provisions of La.C.Cr.P. art. 922, petitioner's conviction and sentence became final 14 days later, on February 7, 2001, when the delay for applying for rehearing expired.[2]

On June 13, 2002, petitioner lodged his first post-conviction challenge,

---

[1]A portion of petitioner's procedural history is taken from the Louisiana Fourth Circuit Court of Appeal's opinion on direct appeal, *State v. Payton*, 786 So.2d 981 (La. App. 4 Cir. Jan. 24, 2001) (unpublished), a copy of which is contained in the State rec., vol. 1 of 1.

[2]La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
    A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
    B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

submitting to the state district court a "Motion to Enforce Plea Agreement and/or Contradictory Hearing" wherein he contended that at the time he entered his pleas of guilty, he had the "justifiable belief" that the court would impose concurrently-running 12-year sentences rather than 18-year sentences.[3]  On September 4, 2002, the state district court conducted a hearing with respect to petitioner's motion, following which, said motion was denied.[4]

Following the above-described initial challenge to his convictions and sentences, petitioner filed subsequent post-convictions applications within the state court system.  His efforts in this regard culminated on July 22, 2005, when the Louisiana Fourth Circuit denied petitioner's writ application wherein he alleged that he received ineffective assistance of counsel based upon his claim that his counsel had promised that in exchange for his pleas of guilty, he would receive 12-year sentences rather than 18-year sentences. *State v. Payton*, No. 2005-K-1035 (La. App. 4 Cir. July 22, 2005) (unpublished order).[5]

On June 22, 2005, before his receipt of the above-referenced decision from the Louisiana Fourth Circuit Court of Appeal, petitioner filed the instant habeas corpus action.

---

[3]A copy of petitioner's "Motion to Enforce Plea Agreement and/or Contradictory Hearing" is contained in the State rec., vol. 1 of 1.

[4]A copy of the court's minute entry reflecting its September 4, 2002 adverse decision is contained in the State rec., vol. 1 of 1.

[5]A copy of the state appellate court's July 22, 2005 unpublished order is contained in the State rec., vol. 1 of 1.

Based upon the reasoning set forth below, the court finds petitioner's federal habeas corpus application to be untimely.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[6]   *See* 28 U.S.C. § 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's judgment became final on February 7, 2001, when the 14-day deadline for seeking rehearing expired, and his time for seeking review ended February 23, 2001, when his 30-day time limit for seeking relief from the Louisiana Supreme Court expired.[7]  Thus, petitioner had a year from February 23, 2001, until on or about February 23, 2002, to timely seek federal habeas corpus relief.

Petitioner did not file the instant action until June 22, 2005, almost three years

-------------------------------------------------

[6]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

[7]La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

4

after his limitation period expired.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As noted earlier, petitioner, on June 13, 2002, filed his first application for collateral review in the form of a "Motion to Enforce Plea Agreement and/or Contradictory Hearing."  At that point, however, petitioner was over three months beyond his one-year prescriptive period.  As no facts have been presented warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner has been actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), it will be recommended that Payton's petition be dismissed with prejudice.

Accordingly;

## RECOMMENDATION

For the foregoing reasons, it is hereby recommended that the application for federal habeas corpus relief filed by petitioner, Perry Payton, should be dismissed with

5

prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __8th__ day of ____February____, 2008.


LOUIS MOORE, JR.
United States Magistrate Judge